BOARD OF ASSESSORS OF PARISH OF ORLEANS et al. v. PULLMAN'S PALACE-CAR CO.

(Circuit Court of Appeals, Fifth Circuit. February 6, 1894.)

No. 160.

1. TAXATION—RAILROAD ROLLING STOCK—INTERSTATE COMMERCE.
    It is within the power of a state to tax sleeping cars and other rolling stock of a foreign corporation, employed in interstate commerce, in the ratio which the number of miles of line within the state bears to the total number of miles of the whole line, as is done by the Louisiana statute, (Acts 1890, No. 106, § 29.) 55 Fed. 206, affirmed. Pullman's Palace-Car Co. v. Pennsylvania, 11 Sup. Ct. 876, 141 U. S. 18, followed.

2. SAME—REMEDIES—ILLEGAL TAXATION—INJUNCTION.
    The provision of the Louisiana statute (Acts 1890, No. 106, § 26) requiring taxpayers who fail to make a return of their property to apply,

within a limited time, to the committee of assessments for correction of any errors in the assessment, on pain of losing all right of redress, relates only to errors of description and valuation, and does not apply in the case of a company whose sleeping cars, employed on interstate lines, are illegally assessed at their full valuation instead of at the ratio prescribed by the statute, and such illegal assessment may be enjoined. 55 Fed. 206, affirmed.

Appeal from the Circuit Court of the United States for the Eastern District of Louisiana.

This was a suit brought by the Pullman's Palace-Car Company against the board of assessors of the parish of Orleans, in Louisiana, the city of New Orleans, and C. H. Parker, state collector of taxes for the first district of New Orleans, to enjoin the collection of certain taxes assessed upon complainant's sleeping cars, and alleged to be in excess of the amount that could legally be imposed. A preliminary injunction was allowed, the court rendering an opinion in which the facts are fully stated. See 55 Fed. 206. Thereafter the cause was submitted for final hearing, and the injunction was made perpetual. From this decree, the respondents appeal.

Horace L. Dufour, for appellants.
Percy Roberts, for appellee.

Before PARDEE and McCORMICK, Circuit Judges.

McCORMICK, Circuit Judge. We affirm the judgment of the circuit court in this case. The appellee is a corporation created under the laws of Illinois, having its domicile in that state, having no domicile in Louisiana, if capable of acquiring one there except by her grant. In 1892, and during the whole of that year, the appellee owned 16 cars, of the aggregate market value of $100,000, which were engaged in interstate passenger traffic from distant states, through intermediate states, into Louisiana, or from New Orleans, in Louisiana, through intermediate states, to distant states, constantly engaged in making round trips on such lines, and not stopping longer or oftener at any point or points in Louisiana than in other states. It is not useful for us to inquire whether such property can be made subject to the same rate of tax on its full actual or market value that real estate or other personal property permanently located in Louisiana is charged with by the state law. Louisiana has not undertaken to impose such a tax on this character of personal property. She has provided that the rolling stock or movable property of any transportation company whose line lies partly within Louisiana and partly within another state or states, or whose sleeping cars run over any line lying partly within Louisiana and partly within another state or states, shall be assessed in Louisiana in the ratio which the number of miles of the line within Louisiana has to the total number of miles of the entire line. This tax provision is substantially similar in kind, though not in detail, to that imposed on the property of the appellee in the state of Pennsylvania, which stood the test of the scrutiny of the supreme court. Pullman's Palace-Car Co. v. Pennsylvania, 141 U. S. 18, 11 Sup. Ct. 876.

The circuit court rightly judged that the cars in question were subject to the tax imposed by the statute of Louisiana, where that tax had been assessed on it, because such a tax the state could impose. The court also rightly judged that the cars in question were not subject to the tax attempted to be assessed on them, because the law of Louisiana did not charge such property so engaged with the tax attempted to be assessed on it. It was the duty of the appellee, or of the railroad companies having these cars under contract, to make the due return thereof under the state law to the assessors. There seems to have been, and to still be, some question between the appellee and the railroad companies to which its cars are let as to whether the appellee or the railroad companies should make the return of this property, and pay the taxes due thereon, in the state of Louisiana. But that is a question in which the state of Louisiana, the parish of Orleans, and the city of New Orleans have no vital interest. The property is liable without regard to who makes, or fails to make, the return. It possibly explains why the return was not made. The assessors cannot impose, as a penalty for such failure, the assessment of such property as other personal property permanently located in the state, because no such penalty is denounced by the statute. The statute provides that such failure shall deprive the party whose duty it is to make the return of any standing in court to correct a wrong description, whether in name, measurement, or otherwise, unless written complaint is made within certain specified time. It puts a limitation of time on the right of parties to be heard concerning the description of the property listed, and the valuation of the same as assessed, and on the right of testing the correctness of their assessments before the proper courts of justice. The circuit court held correctly that these provisions for applying to the committee of assessments, and of testing assessments by suit, have relation to matters of description and valuation. Here these are not questioned. Both are correct. The liability to the tax sought to be imposed by the appellants without warrant of law is what the appellee seeks to avoid. It is entitled to the protection it asks.

The judgment of the circuit court is therefore affirmed.